# United States Court of Appeals for the Fifth Circuit

---

No. 23-60516
Summary Calendar

---

United States Court of Appeals
Fifth Circuit

**FILED**

May 2, 2024

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Jonathan Lewis Jennings,

*Defendant—Appellant*.

---

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 3:19-CR-107-1

---

Before Duncan, Wilson, and Ramirez, *Circuit Judges*.

Per Curiam:[*]

Jonathan Lewis Jennings was sentenced to a total of 314 months of imprisonment after being convicted of two counts of Hobbs Act robbery, two counts of discharging and brandishing a firearm during and in relation to a crime of violence, and one count of possession of a firearm after a felony conviction. On appeal, he contends that the district court erred in denying

---

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

his motion to suppress his statements and in denying his motion for a mistrial based on the prosecution's references to his silence after being informed of his rights under *Miranda v. Arizona*, 384 U.S. 436 (1966).

When reviewing the denial of a motion to suppress, we review the district court's legal conclusions de novo and its factual determinations for clear error. *United States v. Carrillo*, 660 F.3d 914, 922 (5th Cir. 2011). The district court's determination regarding the voluntariness of a defendant's confession and the validity of his waiver of his *Miranda* rights are questions of law that are reviewed de novo. *United States v. Cardenas*, 410 F.3d 287, 292 (5th Cir. 2005). A suspect may waive his *Miranda* rights, provided that the waiver is made voluntarily as well as knowingly and intelligently. *Moran v. Burbine*, 475 U.S. 412, 421 (1986). This determination is made on a case-by-case basis and is viewed under the totality of the circumstances surrounding the interrogation. *Id.*

Despites Jennings's assertions to the contrary, the record reflects that he was explicitly informed of his *Miranda* rights, that he indicated that he understood those rights, and that he voluntarily and knowingly waived those rights. *See Cardenas*, 410 F.3d at 293. Additionally, Jennings's decision to speak with the police "was the product of a free and deliberate choice rather than intimidation, coercion, or deception." *See id.* While Jennings argues that the police misrepresented that they could not answer any of Jennings's questions unless Jennings waived his *Miranda* rights, "trickery or deceit is only prohibited to the extent it deprives the suspect of knowledge essential to his ability to understand the nature of his rights and the consequences of abandoning them," and this misstatement did not deny Jennings knowledge essential to his understanding of his *Miranda* rights and the consequences of abandoning them. *Soffar v. Cockrell*, 300 F.3d 588, 596 (5th Cir. 2002) (internal quotation marks and citation omitted). Also, the police speculating that cooperating would have a beneficial effect on Jennings's sentence is a

"customary police tactic" that does not "constitute such gross intimidation or coercion so as to overcome a defendant's free will and render his statements inadmissible." *Cardenas*, 410 F.3d at 295. Based on the foregoing, the district court did not err in denying Jennings's motion to suppress.

We review the district court's refusal to grant a mistrial for abuse of discretion. *United States v. Pando Franco*, 503 F.3d 389, 393 (5th Cir. 2007). However, the question of whether the references to Jennings's silence violated his due process rights is a constitutional question of law that is reviewed de novo. *Id.*

The Due Process Clause of the Fourteenth Amendment is violated where the Government uses a defendant's post-arrest, post-*Miranda* silence to create an inference of guilt. *Doyle v. Ohio*, 426 U.S. 610, 619 (1976). However, "evidence of defendant's silence and refusal to answer post-arrest questions is admissible if it is part of an otherwise admissible conversation pursuant to defendant's *Miranda* waiver." *United States v. Lara*, 23 F.4th 459, 480 (5th Cir. 2022) (internal quotation marks and citation omitted).

Here Jennings voluntarily waived his *Miranda* rights and talked with the police after his arrest. By knowingly, intelligently, and voluntarily waiving his *Miranda* rights and then speaking with the police, "[Jennings] waived his right to have the entire conversation, including the implicit references to his silence contained therein, used against him as substantive evidence of guilt." *Pando Franco*, 503 F.3d at 397. Because the prosecutor's references to Jennings's silence did not violate his due process rights, the district court did not abuse its discretion in denying Jennings's motion for a mistrial.

AFFIRMED.